# EXHIBIT A

Filed
D.C. Superior Court
09/08/2015 19:28PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **IBRAHIMA DIALLO** | ) | |
| 6000 13ᵗʰ Street, NW Apt. 206 | ) | |
| Washington, DC 20011 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 2015 CA 006887 B |
| **v.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **WHOLE FOODS MARKET** | ) | |
| 5515 Security Lane | ) | |
| Rockville, MD  20852 | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **JEAN MICHEL** | ) | |
| 2323 Wisconsin Avenue, NW | ) | |
| Washington, DC 20007 | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Ibrahima Diallo, by and through his attorneys, files this Complaint against the Whole Foods Market ("Whole Foods") and Jean Michel ("Michel") and for his Complaint states as follows.

1.     Plaintiff Ibrahima Diallo seeks relief pursuant to the D.C. Human Rights Act ("DCHRA"), including but not limited to declaratory, injunctive and other equitable relief, compensatory and punitive damages, litigation expenses and reasonable attorneys' fees, based on Defendants' violation of Plaintiff's rights.

### Jurisdiction and Venue

2.     This Court has jurisdiction over the subject matter of this complaint pursuant to D.C. Code Ann. § 11-921.

3.      Venue is proper in this court in that the events giving rise to Plaintiff's claims occurred here in the District of Columbia and Defendants may be found here.

### Parties

4.      Plaintiff Ibrahima Diallo is an African American male who immigrated to the U.S. from Senagal.   He is a citizen of the United States, a resident of the District of Columbia, and a former employee of Whole Foods Market.

5.      Defendant Whole Foods Market is a supermarket chain specializing in organic foods with grocery stores in the Washington, D.C. area and United States, and is an employer within the meaning of the District of Columbia Human Rights Act, § 2-1401 *et seq.* Defendant Jean Michel is employed by Whole Foods as a store manager at the Georgetown Whole Foods Market in Washington, D.C.

### Facts

6.      Mr. Ibrahima was hired by Whole Foods at the Georgetown store in 2009 as a cashier. He performed his job in a satisfactory manner and consistently received salary increases.   In December 2014, he was transferred to the seafood department and given a $1 raise.

7.      In January 2012, Jean Michel, a Caucasian male, became the store manager for the Georgetown Whole Foods.   As a store manager at other Whole Food markets, Defendant Michel *develop a reputation of improperly disciplining and terminating minority employees.*

8.      Between 2012 and 2015, Michel terminated approximately twenty minority employees at the Georgetown market under Whole Foods progressive discipline policy.   Under Michel, employees were written up for insignificant issues such as someone reporting that an employee did not greet a customer or smile at a customer, or a customer had to wait in line for a cashier, and once the employee received the third written warning they were terminated.   Defendant

Michel did not terminate Caucasian employees for the same infractions. In 2012, Defendant Michel was being considered for a transfer to a position at a store in Montgomery County, Maryland and the employees protested and he was not permitted to transfer. Prior to coming to the Georgetown location, Michel worked at the Whole Foods Market supermarket on P Street in Northwest Washington, D.C. and was the subject of a discrimination complaint. At P Street, an employee alleged that she filed a sexual harassment complaint and reported the sexual harassment to Michel and Michel failed to take any action. The employee and her mother worked at the P Street location. As a result of the complaint, the employee ended her employment with Whole Foods and her mother transferred to the Georgetown Whole Foods. Once Michel arrived at the Georgetown location, he attempted to get the employee's mother transferred to another store. When the supervisor of the employee's mother, Greg Islar, would not transfer her, Michel terminated Mr. Islar's employment.

9.    At the Georgetown store, Defendant Michel boasted to employees that he could terminate employees at any time without any consequences because there was little to no oversight in the regional office of Whole Markets. In 2014, Defendant Michel met with Mr. Diallo and threatened to terminate him because employees at the store were discussing the fact that Defendant Michel was involved in a romantic relationship with an employee he directly supervised, and Mr. Diallo could not provide information on the employees who were discussing Defendant Michel's actions.

10.    In April 2015, Mr. Diallo was involved in a minor incident with a coworker named Kunchok. The incident began when a customer commented that based on Kunchok's appearance, the customer believed Kunchok was Chinese. Mr. Diallo was asked for his opinion and he agreed with the customer. Kunchok became upset and stated that he was from Thailand,

3

and he was offended because the Chinese were known to kill people from Thailand. Kunchok reported to office management at the store that he was upset with the conversation. Defendant Michel used this report to accuse Mr. Diallo of assaulting Kunchok. Mr. Diallo was interviewed and denied that he assaulted Kunchok and requested that Defendant Michel review the video camera to confirm that he did not assault Kunchok. Defendant Michel refused to review the videotape and terminated Mr. Diallo on April 27, 2015.

11.     Mr. Diallo requested that Whole Foods conduct an investigation of his termination and review the videotape to confirm that he did not assault his co-worker. Whole Foods refused to review the videotape or conduct a thorough investigation, and proceeded with the termination of Mr. Diallo.

## COUNT I

### Violation of the District of Columbia Human Rights Act
### (Race and National Origin Discrimination)
### *(Diallo v. Whole Foods and Jean Michel)*

12.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 above as if set forth fully herein.

13.     At all pertinent times, Defendant Whole Foods was an employer under the District of Columbia Human Rights Act, D.C. Code Ann. § 2-1401 *et seq.* of the District of Columbia Code. Defendant Michel is an employer within the meaning of the D.C. Human Rights Act.

14.     The D.C. Human Rights Act prohibits discrimination in employment based on an individual's race and national origin.

15.     Defendants, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful discrimination against Plaintiff based on his race and national origin. Specifically, Defendant Michel applied the Whole Foods progressive discipline policy in a

discriminatory manner to cause Mr. Diallo to receive unwarranted discipline and termination. Mr. Diallo did not engage in any conduct which warranted discipline and/or termination, and Caucasian employees who engaged in the same or more serious conduct were not disciplined or terminated.

16.     Defendants had no legitimate business reason for any such acts.

17.     Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices that are not yet fully known.

**COUNT II**

**Breach of Implied Contract**
***(Diallo v. Whole Foods)***

18.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17 above as if set forth fully herein.

19.     Whole Foods has an employment handbook which sets forth guidelines for terminating employees, including progressive discipline. The handbook constitutes an implied contract between Whole Foods and its employees. Defendant Michel breached the implied contract by applying the progressive discipline policy in a discriminatory manner to cause the termination of twenty African American employees, including Plaintiff, for nonexistent, minor or unsubstantiated infractions. Whole Foods permitted Defendant Michel to terminate Plaintiff for false reasons and to act without any meaningful oversight of his actions.

20.     Defendant Whole Foods breached material terms in its handbook and is liable for the breach.

5

21.     Plaintiff is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices that are not yet fully known.

## COUNT III
### Negligent Retention and Supervision
### *(Diallo v. Whole Foods)*

Plaintiff incorporates by reference paragraphs 1 through 21.

22.     District of Columbia common law provides that an employer who knew or should have known of problems with an employee that indicated unfitness and who failed to take further action such as investigation, discharge, or reassignment is liable for torts committed by that employee against a third person.

23.     At all times relevant to this Complaint, Whole Foods knew or should have known that

its employee Defendant Michel was unfit for his position.   Specifically, Whole Foods received several complaints from employees about Defendant Michel's discriminatory treatment of minority employee, discriminatory enforcement of Whole Foods' progressive discipline policy, and disproportionate termination of minority employees in comparison to Caucasian employees.

24.     Whole Foods failed to take any action against Defendant Michel in response to such acts.

25.     As a result of the Defendant Whole Foods negligent retention and supervision of Defendant Michel, Mr. Diallo was terminated and has suffered damages.

6

**Prayer for Relief**

WHEREFORE, Plaintiff Diallo prays as follows:

A.     That the Court issue an Order declaring Defendants' actions to be a violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401 *et seq.*, and declaring Plaintiff eligible to receive equitable and other relief;

B.     Enter judgment against Defendants;

C.     Issue a permanent injunction prohibiting Defendants from engaging in any discriminatory promotions, discipline and terminations, and retaliation;

D.     Order Defendant to place Plaintiff in the position from which he was terminated;

E.     Enter judgment in favor of Plaintiff against Defendants for all monetary damages available under the law, including but not limited to back pay and front pay in amounts to be determined at trial;

F.     Order Defendants to refrain from any retaliation against Plaintiff or any other person, for participating in or supporting this case in any manner;

G.     Order Defendants to pay compensatory and punitive damages in amounts to be determined at trial;

H.     Order Defendants to pay Plaintiff's reasonable attorneys' fees, expert fees, and costs; and

I.     Order Defendants to pay pre-judgment and post-judgment interest as provided by law.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch &
Associates, PLLC
1828 L Street, NW, Suite 820
Washington, DC 20036
(202) 785-2805
davidbranch@dbranchlaw.com

## Jury Trial Demand

Plaintiff demands a jury trial on all claims against Defendants.

8

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

Ibrahima Diallo

Case Number: **2015 CA 006887 B**

Date: **September 4, 2015**

vs

Whole Foods Market, et al.

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| David A. Branch | ☑ Attorney for Plaintiff |
| Firm Name:<br>Law Office of David A. Branch & Associates | ☐ Self (Pro Se) |
| Telephone No.:  Six digit Unified Bar No.:<br>(202) 785-2805        438764 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury

Demand: $_____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar#: _____

---

### NATURE OF SUIT:    *(Check One Box Only)*

#### A. CONTRACTS                                    COLLECTION CASES

☐ 01 Breach of Contract        ☐ 07 Personal Property        ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance      ☐ 17 OVER $25,000
☐ 15 Special Education Fees     ☑ 13 Employment Discrimination

#### B. PROPERTY TORTS

☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

#### C. PERSONAL TORTS

☐ 01 Abuse of Process          ☐ 09 Harassment               ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy          Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander        ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury  ☐ 12 Malicious Interference  ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution   ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal        ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                   Not Malpractice)           ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/May 12

# Information Sheet, Continued

**C. OTHERS**

**I.**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4315)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

_____
9/4/15
Date

CV-496/May 12



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Ibrahima Diallo
_____
Plaintiff

vs.                                         Case Number  **2015 CA 006887 B**

Jean Michel
_____
Defendant                      Serve on:

**SUMMONS**                     Jean Michel
To the above named Defendant:                   2323 Wisconsin Avenue, NW
                                Washington, DC 20007

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch                          *Clerk of the Court*
_____
Name of Plaintiff's Attorney

1828 L Street, NW, Suite 820          By _____
_____
Address
Washington, DC 20036

(202) 785-2805                        Date  **09/08/2015**
_____
Telephone
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                      CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

          contra

_____                    Número de Caso: _____
                          Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                                   Por: _____
_____
Dirección                                                            Subsecretario

_____
                                                   Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.         የትርጉም ት-ርጉም አማርኛ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

 **SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

IBRAHIMA DIALLO
Vs.                                          C.A. No.     2015 CA 006887 B
WHOLE FOODS MARKET et al

## INITIAL ORDER AND ADDENDUM

   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

   (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

   (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

   (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in *SCR Civ 55(a)*.

   (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

   (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

   (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website *http://www.dccourts.gov/*.

                                          Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  September 8, 2015
Initial Conference: 9:30 am, Friday, December 18, 2015
Location:  Courtroom 221
            500 Indiana Avenue N.W.

                                                            Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc